Andrew G. SHEBAY, III, Intervenor, Appellant,

v.

W.R. DAVIS, For Himself and on Behalf of the Class Comprised of All Sellers of Crude Oil to The Permian Corporation, and the Permian Corporation, Appellees.

No. 08–85–00255–CV.

Court of Appeals of Texas, El Paso.

Aug. 13, 1986.

Daniel K. Trevino, Jr., R. Scott Williams, Law Offices of Daniel K. Trevino, Jr., P.C., Houston, for appellant.

Sloan B. Blair, Cantey, Hanger, Gooch, Munn, & Collins, Fort Worth, Glen Clover, Liddell, Sapp & Zivley, Houston, for appellees.

Before STEPHEN F. PRESLAR, C.J., Ret., OSBORN, C.J., and SCHULTE, J.

## OPINION

SCHULTE, Justice.

This is an interlocutory appeal from an order denying certification of a subclass. The suit originated as a class action for an accounting for overages of oil allegedly received and not paid for by The Permian Corporation (Permian). W.R. Davis (Davis), for himself and on behalf of other sellers of crude, filed suit in 1979. Appellant here, an intervenor and seller of crude to Permian, appeals from the order denying certification entered September 12, 1985. We affirm.

Davis alleged that Permian had received oil to which it was not entitled as a result of improper measurements with resulting damage to Davis and the class. Permian denied the allegations and raised specific affirmative defenses, including statute of limitations, estoppel and waiver. Permian also challenged the maintainability of the action as a class action and Davis's representation of the class.

On January 30, 1980, the trial court certified the case as a class action pursuant to Rule 42(a) and 42(b)(4), Tex.R.Civ.P. Davis was designated representative of the plaintiff class comprised of all sellers of crude oil to Permian from October 1, 1973, through December 31, 1979. A notice of class action dated November 7, 1980, was sent to the class members informing them of the lawsuit. Appellant Andrew G. Shebay, III (Shebay), a class member, intervened on behalf of himself and a subclass on December 12, 1980. In September, 1981, Shebay filed a motion to certify a subclass. Originally, Shebay only sought certification of a subclass confined to non-operating interests in various East Texas oil and gas fields where Shebay owned an interest. He asserted that "the installation of, Plaintiff, W.R. Davis, as representative of the Plaintiff Class would substantially impair and impede a just and proper adjudication of the rights and interests of all class members due to his inadequate ability to fairly insure the protection of those rights and interests...."

On May 29, 1984, Appellant materially amended his motion and sought to represent "a subclass comprised of all persons and entities who own a non-operating interest in leases from which crude oil (including condensate) was produced and sold to Defendant, Permian Corporation, from the inception of the corporation's existence in 1955 to the present day but excluding those persons who were officers, employees, or directors of Defendant at any time."

The first hearing on the motion took place on March 13, 1984. According to the parties' briefs, a second hearing on the motion took place on September 11 and 12, 1985. Although the parties cite testimony from that hearing, a transcript of that hearing does not appear in the statement of facts and was not requested in Appellant's request for transcript.

Subsequent to the refusal to certify a subclass, the court approved a settlement of this class action on December 3, 1985. The court's final order approving settlement and related matters is the subject of a separate appeal before this Court and concerning which an opinion issues contem-

poraneously with this opinion bearing No. 08–86–00011–CV.

Tex.R.Civ.P. 42(d) provides for subclass certification:

**Actions Conducted Partially as Class Actions.** When appropriate ... a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly.

Our review of the trial court's refusal to certify a subclass is limited to determining whether the trial court abused its discretion. *RSR Corporation v. Hayes,* 673 S.W.2d 928, 930 (Tex.App—Dallas 1984, writ dism'd).

Appellant's first point of error contends that the trial court abused its discretion in refusing to certify a subclass. Appellant has two major arguments under this point of error. First, Appellant argues that Appellee Davis's claims are not typical of the claims of the members of the subclass. According to Appellant, there are claims and defenses that are personal and unique to Appellee Davis which go to the subject matter of the litigation. Permian asserted a counterclaim and special defenses alleging:

(1) If erroneous methods of measurement were used by Permian ..., [they] were made under Davis' ownership and guidance and they were fraudulently concealed from Permian by Davis;

(2) That to the extent any false reports were filed with governmental agencies such activities were directed and authorized by Davis during his tenure as CEO of Permian;

(3) That if documents were destroyed that concealed the alleged overage practice, it was during Davis' tenure as CEO of Defendant that Permian began the practice of systematic and methodical destruction of documents.

Appellee Davis denied these allegations and, after extensive discovery, Appellant is unable to point to any evidence in the record supporting the allegations.

Next, Appellant contends that there is a conflict between operating and non-operating interests which makes Davis's claim atypical. Appellant has presented no evidence of any real conflict. The testimony Appellant cites in his brief is apparently from the subclass certification hearing held on September 11 and 12, 1985. The transcript of that hearing has not been included in the statement of facts on appeal. Even if we were able to consider this testimony, its most favorable reference in Appellant's brief does not demonstrate a conflict. We find no abuse of discretion in failing to find a conflict.

In Appellant's second major subpoint, he contends that class representative Davis has not fairly and adequately represented the interests of the proposed subclass. His first argument under this subpoint is that Davis breached his fiduciary duty to the class. According to the Appellant, Davis settled a prior class action against Permian based on the same allegations and cause of action as the present case without obtaining the required court approval of a class action settlement. The pleadings and orders in that case are not a part of this record and we decline to consider the merits of the argument. Also, the evidence cited in Appellant's brief in support of his argument is from the September, 1985, hearing and is not a part of the appellate record.

Appellant also contends that Davis has ulterior motives which conflict with his representation of the subclass. These motives are based on the fact that Davis, in 1973, formed a company which went into competition with Permian. The record does not demonstrate that Davis's affiliation would conflict with his representation of the proposed subclass. Again, the testimony cited by Appellant is not a part of the record. The trial court did not abuse its discretion in failing to find a conflict.

■ Appellant argues next that Davis has a conflict of interest with the class members because of his own misconduct and malicious motives. Again, Appellant's contentions are mere allegations unsupported by evidence. Finally, Appellant con-

tends that class counsel has breached a fiduciary duty to the class. Appellant's arguments have no support in the record. Appellant's Point of Error No. One alleging that the trial court abused its discretion in denying a subclass is overruled.

■ Appellant's Point of Error No. Two asserts that the trial court failed to conduct a hearing on the motion to certify a subclass as soon as practicable after the action was brought. Appellant filed his motion for certification of a subclass on September 1, 1981. The motion was materially amended on May 29, 1984. The hearing on the motion began on March 13, 1984, and was continued on September 11 and 12, 1985. Appellant contends that the delay between March 13, 1984, and September 11 and 12, 1985, has prejudiced the interests of the subclass. Appellant, however, is unable to demonstrate that the trial court abused its discretion. Appellant waited until January 24, 1983, to request a hearing on his motion to certify a subclass. At that time, he was informed by the district clerk that all matters in the case were in abeyance pending a proceeding to disqualify the judge. After further correspondence with Shebay's counsel, the trial court invited Shebay to attend the hearing on plaintiff's motions held on February 13, 1984. Shebay and his counsel attended the hearing and were granted permission by the trial court to have access to confidential material and to participate in discovery. The hearing on Shebay's motion for certification of a subclass was set at that time for March, 1984, with the consent of Shebay's counsel. During the period from March 13, 1984, to September 11 and 12, 1985, Appellant was afforded an opportunity to protect his position through discovery and participation in the case as an intervenor. There is no evidence the rights of the proposed subclass were prejudiced during that time. Appellant's Point of Error No. Two is overruled.

The order denying the subclass certification is affirmed.

STEPHEN F. PRESLAR, C.J., Retired, not sitting.